**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TEAMICIA GREENE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),**<br><br>**Defendant.** | **Case No. 1:26-CV-02616-CRC** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, National Railroad Passenger Corp. d/b/a Amtrak ("Amtrak"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Civil Rule 7, submits the following Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff, Teamicia Greene's, Complaint. Amtrak respectfully requests that the Court dismiss Plaintiff's retaliation claim, Count II, with prejudice, for failure to state a claim.

## I. INTRODUCTION

Plaintiff brings a retaliation claim under Title VII of the Civil Rights Act of 1964. It is axiomatic that the basis of a retaliation claim is the engagement in protected activity, and a consequential adverse employment action arising from it. Plaintiff does not allege she engaged in any protected activity until *after her employment had already been terminated.* As a matter of law and logic, Amtrak could not have retaliated against Plaintiff for something that had not yet occurred, so it could not have terminated her employment in retaliation for protected activity.

In an effort to avoid this dispositive calendar math, Plaintiff purports to shoehorn her claims into the narrow exception under Title VII for post-employment retaliation. This too fails. Plaintiff

alleges only three instances of alleged "adverse employment actions" occurring after her employment: (1) Amtrak marked her as ineligible for reemployment; (2) Amtrak refused to respond to a FOIA request; (3) Amtrak then marked her as eligible for reemployment. None of these approach the high bar for pleading post-employment retaliation.

Accordingly, the Court should dismiss Count II with prejudice.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff is a former Amtrak employee. Compl. at ¶ 2. Amtrak terminated Plaintiff's employment on July 16, 2025. *Id.* at ¶ 26. Plaintiff does not allege she engaged in any protected activity prior to her termination.

Plaintiff filed an EEOC Inquiry on September 24, 2025. *Id.* at ¶ 52. In support of Count II, Plaintiff alleges Amtrak took an adverse action against her in October 2025 –three months after her termination of employment – and a month *after* she filed her Inquiry, when it informed her that she was not eligible for rehire or restatement. *Id.* ¶ 53. Plaintiff does not allege Amtrak knew she filed an Inquiry with the EEOC.

Plaintiff alleges that Amtrak's response to her FOIA request sometime in October or November of 2025 constitutes an adverse employment action. *Id.* ¶¶ 54;57. Plaintiff alleges she filed her EEOC Charge on April 29, 2026. Finally, Plaintiff alleges that Amtrak took an adverse employment action against her when counsel also told her that she was eligible for rehire during the pendency of her EEOC Charge. *Id.* at ¶ 55.

## III. LEGAL STANDARD

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). The facts alleged in the complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the 'mere possibility of misconduct,' the complaint has not shown that the pleader is entitled to relief." *Performance Contracting, Inc. v. Rapid Response Constr., Inc*., 267 F.R.D. 422, 424 (D.D.C. 2010) (quoting *Iqbal*, 556 U.S. at 679).

"Although for the purposes of this motion to dismiss [courts] must take all the factual allegations in the complaint as true, [courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

While the Court must "liberally construe pro se pleadings, pro se litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020).

## IV. LEGAL ARGUMENT

### A. Plaintiff Did Not Exhaust Her Administrative Remedies for the Facts She Alleges in Support of Count II for Retaliation.

"Exhausting administrative remedies is generally required before suing under Title VII." *Maryland v. Sodexho, Inc.*, 474 F. Supp. 2d 160, 161-62 (D.D.C. 2007) (citing *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)). "Moreover, [a] Title VII lawsuit following the EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Maryland v. Sodexho, Inc.*, 474 F. Supp. 2d 160, 161-62 (D.D.C. 2007) (internal citations and quotations omitted); *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 374 (D.D.C. 2018).

Here, Plaintiff's retaliation claim fails because it is impermissibly broader than the allegations in her underlying Charge. Plaintiff alleges she filed an EEOC Inquiry on September 24, 2025, which later became her Charge on April 29, 2026. Compl. at ¶ 39. In her Charge, Plaintiff states the last date of alleged discrimination took place on July 16, 2025. *See* Ex. G to Compl.

Every fact Plaintiff alleges in support of her retaliation in this lawsuit occurred *after* she filed the EEOC Inquiry that she alleges became her Charge, and *after* the latest date she states in the Charge that she was discriminated or retaliated against. *Id*.

Plaintiff cannot have exhausted her administrative remedies for conduct that had not yet occurred, or which occurred after the date she indicates that the conduct ceased. *See Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (plaintiff failed to exhaust administrative remedies where alleged conduct occurred after she filed EEO complaint). Accordingly, Plaintiff has not exhausted her administrative remedies for Count II, and the Court should dismiss it on this basis alone.

### B. Plaintiff Cannot State a Claim for Post- Employment Retaliation

To state a claim for post-employment retaliation, a plaintiff must allege: (1) she engaged in protected activity; (2) she was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Barry v. Haaland*, No. 19-cv-3380 (DLF), 2021 U.S. Dist. LEXIS 59129, at *9 (D.D.C. Mar. 29, 2021). An adverse action must be "materially adverse", meaning "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Stewart v. United States Dep't of Agric.*, Civil Action No. 23-cv-1194 (TSC), 2024 U.S. Dist. LEXIS 175314, at *19 (D.D.C. Sep. 27, 2024) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see Muldrow v. City of St. Louis*, 601 U.S. 346, 348 (2024) (reiterating that "materially adverse" remains the adverse action standard for retaliation claims).

In rare circumstances, courts in this Circuit have recognized "post-employment retaliation," where a plaintiff alleges "efforts by an employer to scuttle a former employee's search for a new job, such as by withholding a letter of recommendation or by providing negative information to a prospective employer, can constitute illegal retaliation." *Passer v. Am. Chem. Soc.*, 935 F.2d 322, 331 (D.C. Cir. 1991) (citing *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1532 (11th Cir. 1990) (unlawful retaliation under Title VII to persuade a former employee's new employer to fire the employee). No such similar circumstances exist here, nor does Plaintiff allege that Amtrak took any similar actions against her to thwart future career opportunities.

Furthermore, Plaintiff was no longer an Amtrak employee when she engaged in her protected activity. Generally, when courts in this Circuit have recognized post-employment retaliation, it involved plaintiffs who raised discrimination and/or retaliation claims while still employed. *See e.g.*, *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006) (former employee asserted a claim of retaliation alleging his employer (the FBI) did not investigate credible threats made against him when he was an employee in retaliation for him asserting complaints against them when he was an employee); *Passer*, 935 F.2d at 331 (former employee asserted a claim of retaliation against his former employer after a symposium in his honor was cancelled following his forced retirement and the age discrimination complaint he made against his employer while he was still employed).

Here, Plaintiff's first instance of alleged protected activity did not occur until more than two months after Amtrak terminated Plaintiff.

1. Plaintiff Fails to Allege She Suffered an Adverse Employment Actions.

Plaintiff alleges only three instances of alleged "adverse employment actions" occurring after her employment: (1) that Amtrak marked her as ineligible for reemployment; (2) that Amtrak has refused to turn over documents in response to a FOIA request; (3) Amtrak then marked her as eligible for reemployment. None of these rise to the level of an adverse employment action.

First, a mere internal "ineligible for rehire" designation, without an actual application, rejection, dissemination, or concrete effect, is not enough to constitute a "materially" adverse employment action. *See Muldrow*, 601 U.S. at 348.

To establish that a plaintiff was subjected to a materially adverse employment action, that plaintiff must allege that she was caused some harm by the alleged adverse employment. *Nicholson v. Rigas*, Civil Action No. 24-2894 (RBW), 2026 U.S. Dist. LEXIS 50625, at *25 (D.D.C. Mar. 11, 2026). Plaintiff does not allege that being marked ineligible for rehire caused her any harm, therefore, she has not asserted a viable adverse employment action. *Cf. Khatri v. Bd. of Trs. of the Univ. of the D.C.*, Civil Action No. 19-2644, 2025 U.S. Dist. LEXIS 251830, at *29-30 (D.D.C. Dec. 5, 2025) (concluding that the plaintiff did not establish a materially adverse action where he failed to establish that that there was a position available that he applied to and was denied); *Williams v. Family Health Int'l*, No. 24-cv-2654 (BAH), 2025 U.S. Dist. LEXIS 170455, 2025 WL 2506580, at *15 (D.D.C. Sept. 2, 2025) (concluding that removal from a steering committee was not a materially adverse action where the plaintiff had failed to "explain how that impacted her work in business development or affected her opportunities for advancement").

Here, Plaintiff does not allege that being labeled ineligible caused her any harm. She does not allege she applied for another job at Amtrak but was rejected. She does not allege she would have applied to Amtrak but for the ineligibility (indeed, though she alleges that later that Amtrak told her she is now eligible for rehire, she does not allege that she has reapplied). She also does

not allege that the fact that a prior employer marked as ineligible for rehire negatively impacted her ability to get a job with a new employer. Without any allegations alleging that the ineligibility designation caused her harm, the claim fails.

Second, Plaintiff's allegation that Amtrak's response to her FOIA requests constitutes an adverse employment action is meritless. FOIA decisions are made pursuant to federal regulations. Amtrak's FOIA response is wholly unrelated to Plaintiff's employment at Amtrak or otherwise. Plaintiff does not allege that those who handled her FOIA request at Amtrak knew anything of the circumstances of her employment or termination (in fact, Amtrak's FOIA department is separate from its HR department and have no involvement with any employment decisions). Retaliation claims require an adverse "personnel" or adverse "employment" action. *Rochon*, 438 F.3d at 1217. FOIA requests are neither. Furthermore, Plaintiff does not allege that she is entitled to the information she seeks. *Cf. Xunxian Liu v. Georgetown Univ.*, No. 25-7002, 2026 U.S. App. LEXIS 13634, at *25 (D.C. Cir. May 12, 2026) (concluding there was no material adverse action based on the university withholding data because the plaintiff failed to explain why he was entitled to it). On the contrary, Plaintiff alleges that the denial of the FOIA request has impaired her ability to prove "pretext, comparator treatment, PIP administration, and the true factual basis for the termination decision." Compl. ¶ 57.

When the parties to this lawsuit proceed to discovery, Plaintiff may request the information she claims she needs to explore the viability of the case. Amtrak has not committed a materially adverse employment action by not providing her with the documentation she needs to prove her case after her employment ended and before the litigation even commenced.

Finally, Plaintiff's assertion that Amtrak later telling her she is eligible for rehire is an adverse employment action makes no sense.

2. Plaintiff Fails to Allege Causation

Plaintiff's retaliation claim also fails because she fails to allege the required causation between the alleged protected and the adverse employment action.

As a threshold matter, as argued above, Plaintiff did not allege an adverse employment action. If she does not allege the existence of an adverse employment action, she necessarily cannot allege that there is causality between protected activity and an adverse employment action which did not exist.

But even if Plaintiff had sufficiently alleged an adverse employment action, she still cannot state the required causation element of the claim. Plaintiff does not allege that Amtrak knew she filed an EEOC Inquiry in September 2025. If Amtrak did not know about the EEOC Inquiry, it necessarily could not have taken the alleged adverse employment actions – the ineligibility determination in October 2025 and the FOIA non-response in November 2025 – because of that EEOC Inquiry. *See e..g, Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011) (plaintiff could not prove retaliation where she could not establish that her employer had knowledge of her protected activity). The other instance of alleged protected activity- filing her post-employment EEOC Charge in April 2026 occurred *after* the alleged denial of eligibility and FOIA nonresponse. Needless to say, Amtrak could not decide to engage in an adverse employment action for something that had not happened yet.

Not only does Plaintiff not allege a plausible causal relationship between the two, but the lack of knowledge demonstrates that she could not.

**V. CONCLUSION**

For the foregoing reasons, Amtrak respectfully requests that the Court grant its Partial Motion to Dismiss Plaintiff's retaliation claim with prejudice.

Date: September 3, 2026

*/s/ Jason A. Ross*

Jason A. Ross (DC Bar No. 1047909)
Bria M. Cochran (DC Bar No. 1619038)
Jackson Lewis, P.C.
11790 Sunrise Valley Dr., Suite 400
Reston, VA 20191
Tel: (703) 483-8300
Fax: (703) 483-8301
Jason.Ross@jacksonlewis.com
Bria.Cochran@jacksonlewis.com

***Counsel for Defendant National Railroad Passenger Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send an electronic notification of such filing (NEF) upon all parties of record.

*/s/ Jason A. Ross*
Jason A. Ross